IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOANNA SANTIAGO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:23-CV-00134-ADA-JCM |
| § | |
| AMAZON.COM SERVICES, LLC, et al, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT COURT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants Amazon.com Services, LLC and Amazon.com, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 62), and the attendant response (ECF No. 70) and reply (ECF No. 72) thereto. For the following reasons, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED**.

**I.   BACKGROUND**

Plaintiff sued Defendants Hyster-Yale Group, Inc. ("Hyster"), Briggs Industrial Solutions, Inc. ("Briggs"), Amazon.com Services, LLC, and Amazon.com, Inc. for injuries she allegedly sustained during a workplace accident. Pl.'s 2d Am. Compl. (ECF No. 54) at 6–7. Plaintiff asserted state law claims of negligence, respondeat superior, negligent undertaking,

1

premises liability, gross negligence, strict liability, and a claim under the Texas Workers' Compensation Act. *Id.* at 7–20. Plaintiff alleged over $75,000 in damages including medical expenses and pain and suffering. *Id.* at ¶ 75–76.

Plaintiff filed her lawsuit in this Court invoking the Court's diversity jurisdiction. Pl.'s 2d Am. Compl. at ¶ 7. Plaintiff alleges that she was a citizen of Florida when this lawsuit was filed. *Id.* at ¶ 1. Plaintiff also alleges, and Defendants admit, that Amazon.com Services, LLC and Amazon.com, Inc. (collectively, "Amazon Defendants") are not citizens of Texas. *See id.* at ¶ 2–3; *see also* Defs.' Answer (ECF No. 57) at ¶ 2–3.

The Amazon Defendants filed their Motion to Dismiss arguing that the Court lacks subject-matter jurisdiction because, at the time Plaintiff filed this lawsuit, she and Defendant Briggs were both citizens of Texas. Defs.' Mot. (ECF No. 62). After the Amazon Defendants moved to dismiss this case for lack of subject-matter jurisdiction, the Court dismissed Briggs pursuant to Federal Rule of Civil Procedure 41(a)(2). Am. R. &. R. (ECF No. 81) *adopted at* ECF No. 89.

## II.    LEGAL STANDARD

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citation omitted).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly,

the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* Dismissal for lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

### III.     DISCUSSION

Defendants move to dismiss this case for lack of subject matter jurisdiction. Defs.' Mot. at ¶ 1. This Court's subject matter jurisdiction is limited to cases arising under the U.S. Constitution or federal law or cases involving diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff's claims arise exclusively under state law. Pl.'s 2d Am. Compl. at ¶ 7–20. Therefore, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331.

Plaintiff instead asserted diversity of citizenship jurisdiction in her complaint. Pl.'s 2d Am. Compl. at ¶ 7. A federal court may exercise jurisdiction over state causes of action if citizenship is diverse among the parties and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332.  As the party invoking a federal court's subject-matter jurisdiction, Plaintiff has the burden of establishing diversity of citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Plaintiff alleged over $75,000 in damages including medical expenses and pain and suffering. Pl.'s 2d Am. Compl. at ¶ 75–76. She asserted that, at the time of filing this lawsuit, she was a citizen of Florida and that all defendants are foreign entities. *Id.* at ¶ 1–5.

Diversity of citizenship jurisdiction "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (emphasis in original). In their Motion to Dismiss, the Amazon Defendants contend that the Court lacks subject-matter jurisdiction over the case because Defendant Briggs and Plaintiff are both citizens of Texas. Defs.' Mot. at ¶ 1. Plaintiff argues in her response that (1) she was a citizen of Florida at the time of filing suit and (2) notwithstanding her own citizenship, Briggs's dismissal remedies any jurisdictional concerns. *Id.* at ¶ 5–12.

Generally, complete diversity must exist at the time an action is filed. *Ray v. Bird and Son and Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975). Nevertheless, a court may drop non-indispensable parties to achieve the requisite diversity of citizenship. *Id.*; *see also Adam v. Volvo-Penta of Am.*, 1990 U.S. Dist. LEXIS 4138, at *1–*2 (E.D. La. April 13, 1990) (permitting the Rule 41 dismissal of a nondiverse defendant to preserve diversity jurisdiction). Following removal, "the complete diversity of remaining parties to an action generally suffices to secure subject-matter jurisdiction." *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x 738, 742 (5th Cir. 2016). As noted above, the Court dismissed Defendants Briggs and Hyster pursuant to Rule 41. Am. R. & R. *adopted at* ECF No. 89. Accordingly, the only remaining parties to this lawsuit are Plaintiff and the Amazon Defendants. The citizenship of these remaining parties will inform the subject-matter jurisdiction inquiry. *Jefferson*, 658 F. App'x at 742.

Plaintiff alleges that she was a citizen of Florida when she filed this lawsuit. Pl.'s 2d Am. Compl. at ¶ 7. The Amazon Defendants contend that Plaintiff was a citizen of Texas, not Florida. Defs.' Mot. at ¶ 1. In ruling on Defendants' Motion, the Court need not make a factual determination as to Plaintiff's citizenship because the dismissal of Defendant Briggs preserved

4

the Court's diversity jurisdiction. *See Ray*, 519 F.2d at 1082. Neither of the remaining defendants are citizens of Texas. Defs.' Answer at ¶ 2–3. There is no evidence that suggests either defendant is a citizen of Florida. Thus, regardless of whether Plaintiff is a citizen of Florida or Texas, complete diversity of citizenship exists between the sole plaintiff and each remaining defendant. *Kroger*, 437 U.S. at 374.

In sum, the Amazon Defendants' Motion to Dismiss relied on the presence of Defendant Briggs who is no longer a party to this suit. Thus, Plaintiff's citizenship, whether it be Texas or Florida, does not strip this Court of its subject matter jurisdiction.

## IV.     CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 62) be **DENIED**.

## V.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 15th day of October 2024.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**